MEAD v. OTTO HUBER BREWERY.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. WITNESSES—VOUCHER OF CREDIBILITY.

One who calls his adversary's servant as a witness thereby vouches for his general credibility, but may contradict specific statements made by him.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1268.]

2. HIGHWAYS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

In an action for injuries sustained by being struck by a wagon, evidence that plaintiff stood at the intersection of the streets until she was struck and injured was not sufficient to establish freedom from contributory negligence on her part, where the streets were crowded, and there was no proof that she exercised her faculties in any way to look for approaching vehicles.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1515.]

Appeal from Kings County Court.

Action by Sarah Theresa Mead against the Otto Huber Brewery. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Ernest G. Stevens, for appellant.
Grant C. Fox, for respondent.

HIRSCHBERG, P. J. The dismissal of the plaintiff's complaint was proper. She sued to recover damages for personal injuries alleged to have been sustained by reason of the negligence of de-

fendant's servant, driving its horse and wagon, at the intersection of Flatbush avenue and Fulton street, in the borough of Brooklyn. The accident occurred in the daytime, and the proof was wholly void of evidence tending to establish her freedom from contributory negligence, assuming that on the question of the defendant's negligence there was sufficient proof to carry the case to the jury. The plaintiff called the defendant's driver as a witness, and proved by him that as he was jogging along she deliberately backed into the shafts, notwithstanding he called to her loudly, and turned his horse away as quickly as he could in an effort to avoid the collision. The only other evidence given in relation to the actual occurrence was her own, and she testified to nothing on that subject except the fact that she stood in the street waiting for a car without moving for from 5 to 10 minutes, adding the statement that "the next thing I recall is the hospital." The inference is that while so standing she was struck by the defendant's horse and wagon.

Having called the defendant's driver as her witness, the plaintiff must be deemed to have vouched for his general credibility, so that that question was not presented for the jury's consideration. She was, of course, at liberty to contradict his statement that she backed into the wagon by testifying that she did not move, and to that extent it may be conceded that there was some evidence in support of the charge of negligence on the part of the defendant. It is all the evidence there is on that point. But there was absolutely nothing to show the exercise of care on the plaintiff's part; no proof that she exercised her faculties in any way; that she looked for vehicles; that she saw, or did not see, the defendant's horse and wagon; or that she did anything in fact, except to remain standing at the intersection of the two crowded city streets until she was struck and injured. That such evidence is insufficient to establish care is too plain to require citation. It certainly cannot be asserted that it is adequate proof of ordinary care to testify that one has stood motionless in a busy thoroughfare until run into by a vehicle.

It follows that the judgment must be affirmed.

Judgment of the County Court of Kings County affirmed, with costs. All concur.